# Horn *versus* Pattison.*

1. A deed, absolute on its face, may be shown by parol to have been intended by the parties as a mortgage.

2. When one gets title to land by an agreement to hold it merely as a pledge for the payment of a debt, or as indemnity against loss, to which he is liable as surety, he cannot retain the land after the debt is paid, or the securityship discharged.

ERROR to the Court of Common Pleas of *Washington county.*

This was an action of ejectment by the plaintiff in error, for one hundred acres of land, more or less, in West Finley township.

Some time prior to 1843, the land in dispute belonged to a Mr. White, and was purchased as such, at sheriff's sale, by Pattison, the defendant in error. In 1843, it was sold by the sheriff, as Pattison's property, and purchased by James Spriggs. Pattison desiring Spriggs to purchase the property, and hold it in trust for him, which Spriggs refused. Dr. Stevens held a claim against Pattison, which he wished to secure, and purchased the land from Spriggs, at the request of Pattison, and with the view of securing his debt. At the time Stevens purchased, Pattison told him if he did not pay him his debt and purchase-money, and interest, within one year, he, Stevens, was to have the land. The time expired; the money was not repaid to Stevens, and Pattison again called, and made further promises of payments, but the doctor, as he testified, having no confidence in him, refused to let him on the land, and nailed the doors of the house. About the first of April, 1844, whilst Horn was removing the goods of the widow Pattison (the mother of the defendant) to the land, and Dr. Stevens still refusing possession, Pattison brought Horn to Stevens, and on Horn's agreement to give his notes to the doctor for his claim, he, Stevens, permitted the goods of the widow to be moved into the house. Horn gave his

* This case was in this court in 1853, the report of which immediately precedes.

notes to Stevens, to run for six months, or a year, on the agreement that on Pattison's failure to pay the same within the time, that Horn had to make payment, the deed was to be made to the latter. The time expired. Pattison did not pay, and Horn was compelled to lift the notes with his own money, and Stevens and wife made the deed to him. When the arrangement was made between Stevens, Pattison and Horn, the latter told Stevens he would not have had any thing to do with it had it not been for the old lady, who said she would see the money paid, as she was out of a home. The consideration-money paid by Horn to Stevens, was $526, and the land, according to a survey in 1847, contained between seventy and eighty acres. In the latter part of 1844, the widow Pattison, through Mr. Williams, paid Horn $19.19. The deed from Stevens to Horn was made on the 5th day of April, 1844, but was not delivered—having, according to the doctor's testimony, laid in his house a good while, until all the notes were paid, and then it was handed over to Horn. On the trial, the plaintiff showed in evidence this deed as his title, and then introduced two witnesses, Armstrong and Kimmons, in reference to the cutting and selling by the defendant of shingle and rail timber, locust posts, &c., and an estimate of the annual worth of the land, and then closed in chief. The defendant, claiming that the purchase by Horn was in trust for him, and that the Stevens' deed was in effect a mortgage, and that, in 1843, the whole matter was settled between the parties, introduced testimony tending to support said issues. On the trial, defendant offered to show by Dr. Stevens, that he did not negotiate the purchase of the land from Spriggs, but that the arrangement was made by Pattison, who procured Spriggs to convey to Stevens at less than the property was worth at the time; and that Stevens held the title under an arrangement to convey the property to Pattison, on being repaid the amount paid to Spriggs, and a small bill of his own; to be followed up by the testimony of the witness, that Pattison negotiated the conveyance of the title to John Horn, and that the property was, under this arrangement, conveyed to Horn, at an undervalue, and that Horn and Pattison subsequently had a settlement, and Horn was reimbursed the money by him paid to Stevens for the land, and that he allowed the defendant to occupy and use the land as his own. Plaintiff objected to this offer on the ground : 1. That the offer did not connect the agreement alleged to have been made by Pattison with Dr. Stevens and Spriggs, with that alleged to have been made by Pattison with Stevens and Horn. 2. That any parol trusts, or agreements made by Stevens and Pattison, or by Spriggs and Stevens, were not admissible to affect the title of Horn, unless he had notice of their existence at the time he bought from Stevens. The court, GILMORE, J., permitted defend-

ant to prove that John Horn, the plaintiff, was cognizant of any arrangement between either Spriggs and Stevens, or Stevens and defendant.   The court further permitted defendant to prove that Horn acceded to this arrangement, or made other arrangements, when he took the deed from Stevens, and further admitted any declarations or acts going to show that Horn did not take an indefeasible title ; the admission of which was assigned for error.

*Montgomery*, for plaintiff in error, referred to *Kissler* v. *Kissler*, 2 W. 323, 325 ; *Sidle* v. *Waters*, 5 W. 329 ; *Robertson* v. *Robertson*, 9 W. 32 ; *Haines* v. *Conner*, 10 W. 320 ; *Byholder* v. *Gibson*, 6 H. 134 ; *Jackman* v. *Ringland*, 1 W. & S. 150 ; *Fox* v. *Heffner*, 1 W. & S. 372 ; *Graham* v. *Donaldson*, Ib. 453.

*Acheson* and *Wilson*, for defendant in error, referred to *Kunkle* v. *Wolfersberger*, 6 W. 131 ; *Heister* v. *Madeira*, 3 W. & S. 388 ; *Sheriff* v. *Neal*, 6 W. 542.

The opinion of the court was delivered January 8, 1857, by

BLACK, J.—The plaintiff has a deed for the land in dispute. But the jury found two facts; first, that the deed was a mortgage ; and, secondly, that the mortgage-money was fully paid and satisfied.   If these facts were properly ascertained upon legal evidence, and under a sound charge, there can be no reason for disturbing the judgment.

We have often held that a deed absolute on its face, may be shown by parol to have been intended by the parties as a mortgage.   When one gets title to land by an agreement which binds him to hold it merely as a pledge for the payment of a debt, or as indemnity against a loss to which he is liable as surety, he cannot retain the land if the debt be paid, or the securityship discharged. When Stevens was the owner of the land in dispute, he was willing to let the defendant have it for the price it cost him, added to a small debt for medical services, and the defendant agreed to purchase it in that way.   He gave Horn as his surety, and Horn took the deed in his own name.   The verdict decides that the contract was such, that Pattison had the equity of redemption, and that he did in fact redeem by paying out and out the whole debt for which the land was mortgaged to Horn.

We think the evidence of Dr. Stevens was admissible.   It was right to let him testify how and on what terms he himself had and held the title, and why and in what manner and for what purpose he conveyed it to Horn.   The comments of the court upon all the evidence were very proper and just.   It is plain that Stevens held the title, subject to a right in Pattison to redeem it, by paying a sum of money much less than its value.   But Pat-

[M'Clowry *v.* Croghan's Administrator.]

tison not being able to redeem, got Horn to advance the money, or pledge his credit for it.    This is not like either of the cases cited by the plaintiff.    We do not deny that if a person buys land at a public or private sale, and agrees by parol, either before he purchase or afterwards, that he will convey to another, upon payment of a certain sum within a fixed time, there is no contract which can be enforced.    It is simply a bargain for the land, which must be in writing, or else be void.    But Horn did not buy this land from Stevens; Pattison had purchased it himself, and got Horn to aid him in paying for it. ' It belonged to Pattison conditionally, by virtue of his contract with Stevens, before Horn had anything to do with the business.    When he became able, by Horn's assistance, to perform the condition, he had a right to determine where the title should go, and directed it to be lodged in Horn as a pledge for his reimbursement.    This is, to every legal and equitable interest, the same as if Pattison had personally had an absolute title in himself, and directly pledged it to Horn as security for a debt.

Judgment affirmed.