## Simon, Appellant, v. Beeck.

Argued March 25, 1930.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*John J. Kennedy,* with him *Frank C. Rugh* and *Barney Phillips,* for appellant.—The oral agreement, by authority of the following decisions, is out of the statute of frauds: Cameron v. Townsend, 286 Pa. 393; Beegle v. Wentz, 55 Pa. 369; Boynton v. Housler, 73 Pa. 453; Wolford v. Herrington, 86 Pa. 39; Lancaster Trust Co. v. Long, 220 Pa. 499; Morey v. Herrick, 13 Pa. 123, 128; Harrison v. Soles, 6 Pa. 393; Hancock v. Melloy, 5 Pa. Dist. R. 461.

*E. B. Strassburger,* with him *McKenna & McKenna,* for appellee.—The alleged contract falls for want of consideration: Mitchell v. Cramp, 17 Del. Co. R. 36; Bannerot v. Davidson, 226 Pa. 287.

The alleged contract does not satisfy the statute of frauds: Everhart v. Dolph, 133 Pa. 628; Tripp v. Bishop, 56 Pa. 424; Twitchell v. Phila., 33 Pa. 212; Vanhorne v. Frick, 6 S. & R. 90; McClintock v. Oil Co., 146 Pa. 144; Salsbury v. Black, 119 Pa. 200; Hogg v. Wilkins, 1 Grant 67.

Elmer E. Beeck was not authorized, either orally or in writing, to enter into a contract of sale: Malia v. O'Hara, 13 Lack. J. 102.

OPINION BY MR. JUSTICE SCHAFFER, May 12, 1930:

This bill prays a decree that appellant, Simon, holds from Beeck, the defendant, an enforceable agreement to purchase a building in Pittsburgh, called the Plaza Building, for a period of sixty days from final decree, for a price equaling the par value of the outstanding first mortgage bonds thereon, interest and certain expenses connected with the property, and that the defendant be ordered to enter into a formal agreement to sell the property to plaintiff. Other relief is asked not necessary to be mentioned.

The agreement sought to be enforced is an oral one, alleged to have been made by defendant with appellant, who was the promoter, organizer and president of the Plaza Office Building Company which built and owned the building. Simon is still president of the company and majority stockholder therein. The defendant is now a cotrustee under the first mortgage on the property for $875,000 on which bonds are outstanding amounting to $819,000. In addition to this indebtedness, the building was subject to a second mortgage of $160,000 and a third one of $97,120; there were also unsecured claims against it of approximately $175,000. Plaintiff avers that he has personally obligated himself to creditors of the building in the sum of $300,000.

In addition to the foregoing facts, the bill recites that, about October, 1928, the defendant anticipated that the building could not earn sufficient after payment of taxes,

charges and operating expenses to meet the interest on the first mortgage bonds and the amortization fund of 3% per annum which it required, and consequently suggested to plaintiff that as president of the company he undertake to work out a refinancing plan which would for a period of a few years relieve the company from the necessity of creating the amortization fund. This, plaintiff undertook to accomplish, and defendant, acting for himself and his cotrustee, decided to make application for the appointment of a receiver for the building. It was averred that in order to carry out this purpose, defendant enlisted the services of plaintiff to aid in having such receiver appointed and in forestalling the appointment of one by the United States Court at the instance of the unsecured creditors, and a receiver was appointed as the defendant desired; he also enlisted the aid of plaintiff in the foreclosure proceedings which were had on the first mortgage, so that no defense was made thereto. It appeared that defendant did not become a cotrustee under the first mortgage until July 2, 1929. The bill recites that prior thereto, on May 9, 1929, the defendant "acting as agent and as cotrustee by *oral* appointment of the other trustee *orally* agreed with plaintiff to sell to him the Plaza Building in the event that the trustee, plaintiff in the sci. fa. proceeding, was the highest bidder at the sheriff's sale and the property was sold to it." It is stated that the oral agreement provided that the plaintiff was to have a reasonable time after the sale and final confirmation by the court to purchase the property and was to pay therefor the outstanding first mortgage bond issue, interest thereon, costs of the foreclosure proceeding and necessary expenses in connection therewith. It was set forth that the plaintiff entered into the oral agreement for the purpose of protecting his individual estate, the stockholders in the office building company and the claims of unsecured creditors. Certain letters written by defendant to plaintiff were set forth in the bill, not necessary

to be here recited, as they were simply letters of advice. They, however, would indicate that it was in the mind of the defendant, that the refinancing of the building was to be put in such shape prior to the sale as that the plaintiff might be the buyer thereat. It is recited in the bill that at the sheriff's sale the property was purchased by the Atlantic National Bank of Boston, the trustee named in the first mortgage, which directed the deed to be made to defendant, and it was accordingly so made and he is the record title holder of the property. It is averred that the plaintiff immediately after the sheriff's sale recommenced his efforts to work out a refinancing plan so that he could raise the necessary money to purchase the property within a reasonable time, as provided in the oral agreement, but that he was unable to successfully carry out his refinancing plan, because he did not have sufficient written evidence of his right to purchase the building under the oral contract. It is stated that the defendant has refused to recognize the oral agreement and refused to deliver to plaintiff a written agreement of purchase under the terms embodied in the oral understanding. It is alleged that because of the interference of defendant with certain financial institutions through whom plaintiff was endeavoring to work out the refinancing of the property, he has been unable to raise the amount required to carry out his undertaking as embodied in the oral agreement. The bill prayed relief as hereinbefore mentioned.

Defendant filed an answer raising preliminary objections to the bill, among others, that it alleged an oral promise to give a contract which is unenforceable for want of consideration, and that the oral agreement set up does not satisfy the statute of frauds, and asked for dismissal of the bill. The chancellor in an opinion filed dismissed it, pointing out that at the time the defendant was said to have entered into the oral agreement he was not then a cotrustee under the first mortgage, and that so far as the alleged services contributed by plaintiff in

the receivership proceeding and in the sci. fa. on the mortgage are concerned, as president of the Plaza Building Company he was bound to oppose the appointment of the receiver if such action was proper and legal and if there was reason for his so doing in order to protect his stockholders, whereas, if he could not successfully oppose the appointment, it was useless for him to attempt to do so, that in neither case could there be any legal consideration for action or inaction on his part, as there could not be so far as the foreclosure proceedings were concerned. The chancellor was of opinion that the agreement set up did not satisfy the statute. We think this determination was correct.

What is here pleaded is an oral agreement by an orally appointed agent, alleged to be acting for a trustee under a mortgage, to convey real estate bound by the mortgage if the trustee should be the purchaser at a sheriff's sale. As was pointed out by a very able member of this court, Mr. Justice STRONG, in Tripp v. Bishop, 56 Pa. 424, 428: "Our act declares that all leases, estates, interest of freehold, etc., shall have the force and effect of leases or estates at will only, unless put in writing and signed by the parties so making or creating the same, that is, the parties making the leases or creating the estate. It is then only the lessor or grantor who is required to sign the agreement. His contract must be in writing, and signed by him...... The statute of frauds was passed for the protection of landowners. It was intended to guard them against perjuries in the proof of parol contracts. To secure this protection it prescribed a rule of evidence, by which alone their estates can be diverted." An agreement not signed by the vendor or anyone for him cannot be enforced against him: Everhart v. Dolph, 133 Pa. 628. "In reason and in law, the rule must be the same where a vendor makes the contract of sale in anticipation of his own purchase. It can make no odds whether the intended purchase is to be made at a judicial or private sale; and, if it be the former, it is

equally indifferent whether the parol vendee be the defendant in the execution or a stranger. In any case, it is simply an agreement for the sale of lands, which, by the statute, must be in writing or else it will give no title": Hogg v. Wilkins, 1 Grant 67, 70. "If a person buys land at a public or private sale and agrees by parol, either before he purchases or afterwards, that he will convey to another, upon payment of a certain sum within a fixed time, there is no contract which can be enforced. It is simply a bargain for the land, which must be in writing, or else be void": Horn v. Pattison, 1 Grant 304, 307; Salsbury v. Black, 119 Pa. 200.

The case at bar is a very different one from the line of authorities of which Hartzell v. Whitmore, 271 Pa. 575, is an example, where the purchaser at sheriff's sale had declared that he was buying in the property for the defendant in the execution and thereby prevented interested parties from raising the money to pay off the judgment, and persuaded other persons not to buy by stating that he was buying for defendant, and by artifice and trick purchased the property at an under value, in which we have held that the purchaser under such circumstances takes as trustee for the person misled. Furthermore, the defendant was not an agent authorized in writing to sell the real estate and therefore his authority being in parol only could not bind his principal: Twitchell v. Phila., 33 Pa. 212; Vanhorne v. Frick, 6 S. & R. 90; McClintock v. South Penn Oil Co., 146 Pa. 144. There is no averment in the bill that the Atlantic National Bank, which was the sole trustee at the time the alleged oral contract was made, had authorized defendant to make the contract or had ever ratified or confirmed it. The case of Cameron v. Townsend, 286 Pa. 393, relied upon by appellant, is readily distinguishable from the one in hand on its facts. There it was held that where transactions in relation to the purchase of land at judicial sale have been carried on mala fide (here no bad faith whatever is set up) there is a resulting trust

by operation of law; but unless there is something in the transaction more than is implied from the violation of a parol agreement (and nothing further is implied in the instant case) equity will not decree the purchaser to be a trustee. It was ruled in that opinion that where two parties have entered into a parol agreement regarding a sale of land about to be made that one will purchase and hold the land for the other, and upon the faith of the agreement the latter has expended money and performed services for the benefit of both (neither of which elements is present in the case in hand), the purchaser will not be permitted to hold the land in violation of the agreement, and particularly so where the other party relinquishes to the purchaser a right to or interest in the property in order to perfect the purchaser's title. In the case before us there is no allegation of money paid or of services rendered which could have been of value to defendant or his cotrustee under the mortgage, nor did the plaintiff relinquish to defendant any right or interest in the property; as a matter of fact he had nothing to give up. All that we have is an alleged parol agreement, by an agent said to have been created by parol,—under the language of the statute and in the light of all our cases which have construed it, such an agreement cannot be enforced.

The decree of the court below is affirmed at appellant's cost.