## Cisney v. Chilcote et al.

*Robert H. Henderson* and *Jewett Henry*, for plaintiff.

*Morris M. Terrizzi* and *J. C. Schock*, for defendants.

LEHMAN, P. J., specially presiding, June 30, 1955.— C. B. Cisney, by his bill in equity, seeks to compel the owners of two tracts of land in Tell Township, Hunt-

ingdon County, to convey same to him upon payment by him of $4,700, less $470 paid on account and to recover damages for the loss of use of this land.

Defendants filed preliminary objections which pleaded the statute of frauds and an adequate remedy at law. Thereafter all counsel of record filed a stipulation to the effect that the averments of certain paragraphs of plaintiff's bill in equity were admitted as were some additional facts therein stipulated.

According to plaintiff's bill, the following is a summary of his allegations.

Rudolph M. Chilcote died intestate December 7, 1945, seized of the two tracts of land in dispute, containing 140 acres, more or less, and having thereon erected a two-story frame dwelling, frame bank barn and outbuilding and 10 acres, 95 perches of timberland, respectively. Upon the death of Rudolph M. Chilcote, said tracts of land vested in his widow, Margaret Chilcote, and their four children, Victoria Roddey, Berlin Chilcote, Lawrence E. Chilcote and Elizabeth Goshorn. The widow, Margaret Chilcote, died July 17, 1950, and by her last will and testament devised all of her real estate to the four children. At the time of her death Margaret Chilcote was the owner of an undivided one-third interest in the two tracts of land in dispute and the owner in fee of two other tracts of land in Tell Township.

Berlin Chilcote and Victoria Roddey, as executors of the Margaret Chilcote estate, her four children and their respective spouses offered the four tracts of land for public sale on March 31, 1951. The sale notice briefly described each tract of land and provided for the payment of 10 percent of the purchase price when knocked down and the balance upon delivery of deed within 30 days.

Defendants engaged an auctioneer and Ivan Peterson as clerk to conduct the sale. All defendants were

present at the public sale and in the immediate vicinity of the auctioneer when the two tracts of land in dispute were knocked down to plaintiff for the sum of $4,700, the highest and best bid received. None of the owners voiced disapproval of the sale prior to or at the time of knocking down the property.

Immediately thereafter C. B. Cisney, plaintiff, paid the clerk $470, which was 10 percent of the bid price and thereupon the clerk delivered to plaintiff the following receipt:

"March 31, 1951

"RECEIVED from C. B. CISNEY

Four Hundred Seventy and 00/100 Dollars
10% of Purchase Price on Chilcote Farms
"$470.00                    /s/ Ivan Peterson
                                    Clerk"

The owners refused to convey to plaintiff and on May 14, 1951, mailed him a check for the $470 down payment. On June 13, 1951, plaintiff returned this check and again stated his willingness to complete the transaction. After repeated demands for the delivery of a deed upon his paying the balance of the purchase price, plaintiff has sought equitable relief against the executors of the Margaret Chilcote estate, her four children and their respective spouses.

The only writing confirming the sale is the receipt signed by the clerk of the sale. There was no written authorization from the owners to either the auctioneer or clerk and plaintiff does not allege, nor does his counsel contend, that the clerk's receipt was signed in the presence of the owners. Possession of the property in question has at all times remained in defendants.

The question for our determination is whether a public sale of real estate, authorized and attended by the owners, can be enforced by the purchaser where the only writing confirming the sale is a receipt signed

by the clerk of the sale without written authorization from the owners and not in their presence and where the owners retain possession.

The Statute of Frauds of March 21, 1772, 1 Sm. L. 389, sec. 1, 33 PS §1, provides that an instrument conveying an interest in land be "in writing, and signed by the parties so making or creating the same, or their agents, thereunto lawfully authorized by writing".

Our courts have uniformly held that the statute of frauds prevents the entry of a decree of specific performance against the vendor under an oral contract of sale of real property, if he elects to invoke it, unless it appears that continuous and exclusive possession was taken under the contract and improvements were made by the vendee not readily to be compensated in money, or other equitable considerations make it impossible to do justice save by specific performance: Haskell v. Heathcote, 363 Pa. 184, 69 A. 2d 71; Axe v. Potts et al., 349 Pa. 345, 37 A. 2d 572; Moyer et al., v. Moyer et al., 356 Pa. 184, 51 A. 2d 708; Hartzell's Estate, 114 Pa. Superior Ct. 190, 173 Atl. 842. The object of the statute is to prevent the assertion of verbal understandings in the creation of interests or estates in land and to obviate the opportunity for fraud and perjury. It is not a mere rule of evidence, but a declaration of public policy. In the absence of equities sufficient of themselves to take the case out of the statute, it operates as a limitation upon judicial authority to afford a remedy unless renounced or waived by the party entitled to claim its protection. See Brotman v. Brotman, 353 Pa. 570, 573, 46 A. 2d 175. Both parties are presumed to have known that either might take advantage of the terms of the statute. Availing oneself of that right does not make that person guilty of fraud or wrongdoing cognizable by a court of equity: Davis v. Hillman, 288 Pa. 16, 20, 135 Atl. 254; Seid-

lek v. Bradley, 293 Pa. 379, 381, 142 Atl. 914; Haskell v. Heathcote, supra.

In the instant case there was nothing to prevent plaintiff, Cisney, from avoiding the oral agreement. Had he wished to be certain of enforcing his oral agreement, he should have reduced it to writing and had it signed by the owners or signed by their agent providing the agent had written authority, or in the absence thereof, signed by the owners' agent and in their presence and at their request. An agent without written authority cannot bind his principal: Simon v. Beeck, 300 Pa. 334, 340, 150 Atl. 640, unless the signing is done by the agent in the presence of the owners and at their request: Fitzpatrick v. Engard et al., 175 Pa. 393, 34 Atl. 803. Neither the auctioneer or Peterson, the clerk, had any written authority from the owners. When the clerk signed the receipt for the deposit made by Cisney, the owners were not present. At best there was nothing more than a parol agreement for the sale of land at auction and plaintiff is in no better position than any other prospective purchaser of real estate who relies upon an oral agreement.

Nor can it successfully be contended that defendants subsequently ratified the act of the clerk in giving the receipt because subsequent ratification by the principal of the acts of the agent must likewise be evidenced in writing: Llewellyn v. The Sunnyside Coal Co., 242 Pa. 517, 89 Atl. 575; Allegany Gas Co., to use, v. Kemp et al., 316 Pa. 97, 174 Atl. 289.

The case of Harvey v. Thacher et al., 28 W. N. C. 134, is practically identical with the facts in the instant case. In the Harvey case plaintiff petitioned for a preliminary injunction to restrain defendants from transferring title to a lot of ground to another after plaintiff had been the successful bidder for this lot at a public auction in which the lot was sold as the property of defendants and plaintiff had paid a down pay-

ment thereon. The court held that since there was no contract in writing for the sale of the land, the case was controlled by the statute of frauds and the motion for an injunction was refused.

Since we conclude that plaintiff cannot maintain this action, and his counsel have acknowledged at the oral argument of this case that they cannot prove that defendants were present when the clerk's receipt was signed, no purpose can be served by further amendment of plaintiff's bill of complaint. We accordingly enter the following

### Decree

Now, June 30, 1955, defendants' preliminary objections are sustained and plaintiff's bill of complaint is dismissed at plaintiff's costs.