## Doyle v. Goldman, Appellant.

270

Argued January 9, 1962. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen and O'Brien, JJ.

*J. J. Kilimnik*, for appellant.

*Gilbert O. Schulman*, with him *Schulman and Schulman*, for appellee.

Opinion by Mr. Justice O'Brien, April 17, 1962:

Appellant, Ruth C. Goldman, defendant in this ejectment action, purchased property in 1958 and gave appellee a mortgage in the amount of $6,500. In late 1959, Mrs. Goldman was in default under the terms of the mortgage, owing payments on principal and inter-

est, as well as delinquent taxes and overdue water and sewer charges.

In May, 1960, the property was sold at sheriff sale on foreclosure proceedings instituted by the mortgagee, William J. Doyle, who bought the premises.

The instant ejectment suit was instituted for the premises at 111 South 43rd Street, Philadelphia, Pennsylvania and possession obtained in October, 1961. At trial in January, 1961, the court granted binding instructions in favor of appellee for possession and denied his claim for detention, binding instructions thereon being given in favor of appellant. Subsequently, the court dismissed appellant's motion for judgment n.o.v. and new trial. The court dismissed appellee's motion for judgment n.o.v. as to damages but granted him a new trial limited to the issue of damages for detention of the premises. The trial on this issue resulted in a verdict of $1,272 in favor of appellee.

The appellant argues a number of errors committed by the court in the trial which was limited to the issue of possession of the premises. We will consider these allegations even though appellee has secured possession.

Neither appellant nor her counsel attended the trial on the issue of damages for detention of the premises, although given notice of trial by service on counsel on May 8, 1961. The trial was held May 15, 1961 and the same day an appeal was taken to this Court by defendant. We will consider this matter also, despite the fact that the motion for new trial was filed May 15, 1961 and defendant's motion was denied on November 29, 1961. We will adjudicate all the issues involved.

Complaint is made of the action of the court en banc in granting a new trial limited to the issue of damages for wrongful use and occupancy of the premises. The defendant contends the new trial should have been granted as to all of the issues raised by the pleadings. There is no merit in this contention for

it was proper for the court to do what it did, no error having been committed in granting binding instructions for the plaintiff for possession of the premises. The action of the court en banc in granting the new trial limited solely to the issue of wrongful detention of the premises was proper under the circumstances. There was no other matter for determination: *Hanus v. K. M. B. Construction Co.,* 392 Pa. 307, 140 A. 2d 454 (1958); *Van Buren v. Eberhard,* 377 Pa. 22, 104 A. 2d 98 (1954); *Baraonfski v. Malone,* 371 Pa. 479, 91 A. 2d 908 (1952); *Cason v. Smith,* 188 Pa. Superior Ct. 376, 146 A. 2d 634 (1958).

The record discloses that in February, 1958, at the time the appellant purchased the property, she was unable to secure a building and loan mortgage. The appellee, a real estate broker, in order for the appellant to secure the premises, provided her with $6,500 from his own funds, for which he took back a mortgage. The terms were principal payments of $125 quarterly, plus interest, the mortgagor to pay the taxes and charges against the premises.

After purchasing the property the appellant expended money for a new roof, a new furnace and for other repairs to the building.

When Mrs. Goldman became delinquent in her obligation the plaintiff instituted foreclosure proceedings and the premises was originally listed for sale by the sheriff in April, 1960. The parties, just prior to the sheriff sale, met and appellant made a payment and the appellee agreed to continue the sale, that is to postpone it until May, 1960, to allow the appellant time to secure new financing. This she was not able to do and the property was sold by the sheriff in May, 1960.

The appellant now claims the trial court was in error in excluding testimony of appellant as to the alleged agreement of the appellee to secure a new mortgage for her after she had purchased the property.

The appellant sought to show that appellee breached his agreement in not securing a building and loan mortgage. The evidence was legally insufficient to support the alleged agreement.

The proposed testimony of appellant, as to the expenditure of funds for repair of the premises, was not relevant to the determination of the issues before the court and the court properly excluded it. This testimony had no relevancy to the issue of her right to remain in the premises after the foreclosure.

The appellant advances the claim of a resulting trust in her favor which arose at the time of the foreclosure in April, 1960. The appellant testified that appellee told her "He wasn't interested in the house, he just wanted the money" and he told her "try and straighten it out and I'll see what I can do." The record discloses the following testimony which the appellant contends created a resulting trust in her favor. "By the Court: Q. At this meeting with Mr. Doyle, in 1960, what was discussed? A. Your Honor, do you mean before the settlement or during this time? Q. In April, 1960. A. April, 1960 in his office? Well, may I talk to you—Q. Talk to the members of the Jury. A. We went over there to the office and Mr. Doyle accepted 420—I forget now what item it was, 400 and some odd dollars. He said, 'This covers the two notes. Now I'll get a hold of my lawyer and I'll tell him to stop the block,' whatever that meant I don't know, and he said—I imagine it was a Sheriff's Sale. He said 'You go ahead and get your mortgage and everything will be all right, I'm not interested in the house, I want my money.' Q. Was there anything else said? A. He asked me what in the name of God did I put $1700 in the house for in repairs, and I told him. I told him he knew it at the time. Q. Aside from that, I mean, what else was said in regard to foreclosure of the property? A. He says, 'You go ahead and get a mortgage

and you can have your house.' Q. Was that all that was said in that regard? A. That is all I can think of, because I was very excited at the time."

On cross-examination she testified as follows: "Q. When you got to Mr. Doyle's office, what agreement did Mr. Doyle make with you regarding the extension of the mortgage foreclosure? A. He took the note, whatever the money was at that particular time, he took the money. He said he was going to get in touch with you. He wasn't interested in the house, he just wanted the money. And he said that he was going to call you to stop the sale and—Q. Did he ever tell you that he would give you a 30 day extension? Mr. Kilimink: I'm sorry, your Honor, but I don't think she had quite finished. The Court: Let her finish. A. And he said, 'If you still want your house, you better get a mortgage.' And I says, 'Well, I am trying to.' And he says, 'Well, maybe I can help you out.' So he says, 'You get it straightened out.' And I shook hands with Mr. Doyle and walked out. Q. Did Mr. Doyle tell you he was going to get you a mortgage? A. He said he would see what he could do. Q. Did he tell you he was going to get you a mortgage? A. I answered your question. He would see what he could do, that is what he said."

The testimony of her son, Edwin Goldman, who was present at the meeting with Mr. Doyle prior to the foreclosure, was in agreement: "By Mr. Kilimink: Q. Now, what was the other mortgage agency that you went to to obtain a mortgage? A. 40th and Chestnut Street, the Real Estate Loan Association, I believe it is called. Q. And what happened at that place? A. Got the same answer we got at 52nd Street. Q. Do you know, of your own knowledge, whether any other attempts have been made to obtain a mortgage on the property owned by your mother? A. We have tried, but we got turned down on each one of the places.

Q. Do you recall any further conversation that took place at the time of our meeting in Mr. Doyle's office with respect to the property and the obtaining of a mortgage? A. (No reply.) Q. Let me ask you this question—The Court: Now, wait a moment. Is there an answer to the question? Mr. Kilimink: I will withdraw it. Mr. Schulman: No answer. I don't think it should be withdrawn, I think the record should show the question has been asked and no answer given. The Court: Read the question. (Read back by Stenographer.) The witness: Yes, I do. He said to us that he didn't want the property, he just wanted money. He said if we could get the mortgage and the lawyer's fees he would be only too glad to turn the property over to us."

The foregoing evidence or testimony, if true, does not create a resulting trust. See *Simon v. Beeck,* 300 Pa. 334, 150 A. 640.

The oral agreement was allegedly made the day before the premises were originally scheduled for sheriff sale. The defendant never did obtain a mortgage and never did pay or tender payment to the plaintiff and no written agreement was ever made between the parties. The court, at the conclusion of the testimony, directed the jury to find a verdict in favor of the plaintiff for possession of the premises.

The court below, in its opinion, aptly stated: "The instant case is not a situation wherein the plaintiff purchased the premises at sheriff's sale on behalf of the defendant, or where the plaintiff declared that he was buying in the property for the defendant in the execution and thereby prevented interested parties from raising the money to pay off the judgment, and persuaded other persons not to buy by stating that he was buying for the defendant, and thus misled the defendant. This was simply a situation in which the mortgagee foreclosed upon the real estate security. Any con-

versation between the plaintiff and the defendant did not constitute any enforceable contract as, under the law, said agreement would be required to be in writing. Simon v. Beeck, 300 Pa. 334."

The appellant contends a person out of possession cannot assert a claim for mesne profits. She contends that the appellee is not entitled to damages for detention since at the time of the institution of the ejectment action and his claim for mesne profits appellee was not in possession of the premises and that the action of the court in directing a verdict in her favor was proper. She submits that the court en banc's later action of permitting trial on the issue of damages for detention of the premises was error.

We cannot agree with this contention of appellant. The Legislature has provided for this method of procedure by the Act of April 20, 1905, P. L. 239, §12, 12 PS §2583, and Pa. R. C. P. 1055. Nor do we find any error in the trial on the issue of damages which would entitle appellant to a new trial.

We have carefully examined the record and find no error in it.

Judgment affirmed.