## Feld, Appellant, v. Shapiro et al.

*Real Estate—Assumpsit to recover money paid on account—Deeds—Description of property—Parol evidence—Statute of Frauds —Variance between agreement of sale and deed.*

In an action of assumpsit to recover money paid on account of the sale of real estate, the plaintiff based his right of recovery on the fact that the deed, tendered by the defendant pursuant to the agreement, described the house as having a street number different from that specified in the articles. The evidence established that the deed described the house contemplated by the parties to the agreement and that the plaintiff inspected the house and directed minor repairs.

Under such circumstances the plaintiff was not justified in refusing to accept the deed and the court properly found for the defendant.

When an instrument in writing concerning real estate names a definite subject, it satisfies the statute of frauds and parol evidence is admissible to identify the premises or to locate them on the ground.

Argued October 13, 1925. Appeal No. 119, October T., 1925, by plaintiff, from judgment of M. C. Philadelphia County, October T., 1923, No. 1223, in the case of Leon Feld v. Harry Shapiro and Sherman R. Reed, Jr., co-partners, trading under the firm name and style of Shapiro and Reed. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover money paid on account of the sale of real estate. Before CASSIDY, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the defendant and entered judgment accordingly. Plaintiff appealed.

*Error assigned,* among others, was the refusal of plaintiff's motion for judgment n. o. v.

*A. E. Hurshman,* and with him *William N. Ottinger,*

for appellant.—The description of the real estate intended to be conveyed must be described with such clearness in the agreement of sale so that it could be identified without any outside assistance: Weisenberger v. Huebner, 264 Pa. 316; O'Connell v. Cease, 267 Pa. 288; Shaw v. Cornman, 271 Pa. 260; Cohen v. Jones, 274 Pa. 417; McDermott v. Reiter, 279 Pa. 545; Nauman v. Treen Box Co., 280 Pa. 97.

*Alexander M. DeHaven*, for appellee.—All that is necessary is precision in the location of a particular piece of real estate: Title Company v. Lippincott, 252 Pa. 112; Whiteside v. Winans, 29 Superior Ct. 244; Shattuck v. Cunningham, 166 Pa. 368; Patterson v. Freihofer, 215 Pa. 47; Ranney v. Byers, 219 Pa. 332.

OPINION BY TREXLER, J., February 26, 1926:

This is a suit brought for the recovery of money which was paid on account of an agreement for the purchase of certain property. There was a written agreement of sale which called for premises situated at 57th and Litchfield Streets, Philadelphia, numbered 5661 Litchfield Street. It was a vacant lot, but there was to be erected upon the premises a house to be prepared according to plans lodged with the Market Street Title and Trust Company. The plaintiff's statement alleges that he made due demands for the plans, but they were not forthcoming and that he therefore asked to have his $1,000 paid under the agreement returned, for the plaintiff believes that the property is not built according to plans lodged with the Market Street Title and Trust Company. These plans were not offered as evidence by the plaintiff. In his statement of claim there is no reference to the fact that the premises numbered 5661 Litchfield Street, situated at the Southeast Corner of 57th and Litchfield Streets, are not designated by the proper number, but

on the trial the plaintiff bases his right to recovery on
the indefiniteness of the written contract, stating that
the Southeast Corner of 57th and Litchfield Sreets is
5660 Litchfield Street and not 5661 Litchfield Street.
This the trial judge stated, was an after-thought. We
may note that at the time the bargain was made the
house had not been numbered, for there was no house
there. The putting of the figures 5661 in the agree-
ment was evidently a mistake. The plaintiff knew
what he was buying, for according to the uncontra-
dicted testimony of the case, he went and inspected the
house. Upon his examination of the property he di-
rected some minor repairs which were made. The time
of the final settlement of the transaction was postponed
at his request, and no mention made of any impediment
to the consummation of the contract. The defendants
properly executed the deed for the premises situated
at the Southeast Corner of 57th and Litchfield Streets
and the plaintiff refused to accept it. There was
abundant evidence that this was the property bar-
gained for. The court found in favor of the defend-
ants and we think rightly so. The plaintiff contends
that all the testimony in regard to the subsequent acts
of the parties was inadmissible because it was an at-
tempt to vary the terms of the written agreement. As
stated above, the description in the present agreement
defines the property at the Southeast Corner of 57th
and Litchfield Streets. The subsequent acts of the par-
ties themselves are evidence that they so understood
it. We are not trying to vary the contents of the agree-
ment, but are merely showing what the parties had in
contemplation. In Gould v. Lee, 55 Pa. 99,—Chief
Justice Woodward says, "Parol evidence is not ad-
missible to alter or contradict what is written, upon
the very obvious principle that the writing is the best
evidence of the intentions of the parties; but parol evi-
dence has many times been received to explain and de-
fine the subject-matter of written agreements. Herein

is no contradiction.'' In Shattuck v. Cunningham, 166 Pa. 368,—The property was described as being rectangular in shape, designated by numbers, but it proved not to be rectangular in shape. Evidence was allowed to show the exact description of the lot, notwithstanding the exact width and depth were set out in the agreement. In Ranney v. Byers, 219 Pa. 332, Judge Mestrezat, who wrote the opinion, stated that there is no doubt that the parties knew when the instrument was executed and delivered, and now know what real estate it includes and where it is situated and goes on to say that the distinction between parol evidence when offered to locate the subject of the writing and when offered for the purpose of naming or designating the subject matter of the contract is of vital importance. When the instrument names a definite subject it satisfies the Statute and parol evidence is admissible to identify or to locate it on the ground.

There are numerous cases to the same effect—among the more recent are Cohen v. Jones, 274 Pa. 417; McDermott v. Reiter, 279 Pa. 545; Lawver v. Anderson, 275 Pa. 211, s. c. 77 Pa. Superior Court 208; Shaw v. Cornman, 271 Pa. 260.

The assignments of error are overruled and the judgment is affirmed.