### Danner v. Gates.

*Reiff, Bowman & Reese,* for plaintiff; *J. P. McKeehan,* for defendant.

BIDDLE, P. J., July 30, 1929.—This is an action of *assumpsit* brought by the plaintiff to recover from the defendant the amount of the purchase money of a tract of land in East Pennsboro Township which the plaintiff, on Nov. 23, 1927, contracted in writing to sell and convey to the defendant for the sum

of $5500. It is, in substance, therefore, an action to compel specific performance of his contract for the sale and conveyance of land, and must be decided on the principles applicable to a proceeding of that nature. The contract in question provides, *inter alia:*

"That the said part . . . of the first part hath this day agreed to sell unto the part . . . of the second part, his heirs, executors, administrators or assigns, the following described tract or lot of land situate in the village of South Enola, county of Cumberland and state of Pennsylvania, to wit:

"All that certain house and lot situate in South Enola adjoining . . . Eslinger, fronting 69 feet, more or less, on State road and 147 feet deep, more or less, including shelving and counters in store. Party of first part reserves loose lumber on the property as contained in the auto shed and elsewhere.

"Together with all hereditaments and appurtenances thereunto belonging, but subject to all legal highways. Possession thereof to be delivered to second part . . . on or about November 30th, 1927.

"And the said second part . . . does hereby agree to pay to the said part . . . , his heirs, executors, administrators or assigns, for the land aforesaid, the sum of fifty-five hundred ($5500) dollars, payable as follows: One ($1) dollar on the execution of this agreement, the receipt whereof is hereby acknowledged, and balance consideration as soon as title papers and deed is prepared and title passed by attorney of party of second part, which time is to be on or about November 28th, 1927."

The agreement was signed by Evert W. Danner, the plaintiff, and by Daniel Gates, the defendant. The plaintiff's statement of claim alleges that a proper deed for the property was prepared and executed by Evert W. Danner, the plaintiff, and Katie, his wife, and that it was submitted for examination and approval to the defendant's attorney; that tender of it was subsequently made to the defendant, who refused to accept it or to complete his contract.

To the statement of claim the defendant, on April 2, 1929, filed a statutory demurrer, in which it is suggested that the statement of claim is insufficient in law, first, because the agreement does not describe the land with the certainty necessary to locate it; second, that the wife of the plaintiff had not signed the contract of sale; third, that the statement alleges possession of the defendant on and after the date of the agreement under the terms of said agreement, whereas the agreement itself provides that possession should be delivered to second part on or about Nov. 30, 1927; and, fourth, that the consideration was payable "as soon as title papers and deed is prepared and title passed by attorney of party of second part," but that the statement does not aver that the title was ever passed by the defendant's attorney.

On the argument of the demurrer only the first and fourth objections were urged, the other two apparently being abandoned. In any event, we do not think that they could be sustained. Chief stress was laid on the first objection, namely, that the description of the land in the contract of sale was not sufficiently certain to permit the land to be identified; and if this premise is correct, the conclusion urged by the learned counsel for the defendant necessarily follows, we think, namely, that specific performance of the contract could not be enforced either by bill in equity or by an action of *assumpsit* for the purchase money. But, in view of the determination of the Supreme Court in one of the most recent cases of this kind, Cohen *v.* Jones and wife, 274 Pa. 417, we feel unable to sustain this objection. In that case the appellate court recognized the rule contended for by the defendant, namely, that "The statute of frauds requires land conveyed to be described with such certainty and definiteness as to avoid the necessity of resorting to parol proof to determine

the property the parties intended should be transferred." But the court held in that case that the contract under consideration contained a sufficiently certain and definite description. In that case the description of the land was "a certain lot of land . . . situate on East Avenue, Worden Place, Harvey's Lake, Lake township, Luzerne county, Pennsylvania, said plot being fifty feet in front on East Avenue and sixty-three feet, more or less, in depth, and improved with a small frame dwelling-house." A comparison of this description with the description in the contract involved in the instant case shows that the two descriptions are almost identical, the only difference being that in the case of Cohen against Jones, the township, as well as the village, street and county, were mentioned and that in the earlier case the location on East Avenue was given as Worden Place, whereas in the instant case the location is given as on the State road "adjoining . . . Eslinger." Of the two, we should say that the locality was more definitely fixed in the present case than it was in Cohen against Jones, because a definite adjoinder is given here, whereas no adjoinder was mentioned in the other case. Of the description in Cohen against Jones, the Supreme Court said: "In this case the description designates the property as a certain lot owned by the woman signer and is complete in description except as to the precise location on East Avenue, which is given as Worden Place, thus fixing the property at a definite part of the avenue. We have the precise locality thus confined within narrow limits. These facts distinguish the case from Mellon v. Davison, 123 Pa. 298, . . . and Weisenberger v. Huebner, 264 Pa. 316." We feel bound by this determination of the Supreme Court to hold that in the instant case the description of the property was sufficiently definite and that the demurrer on this ground cannot be sustained.

It was further urged in connection with this same objection that there was some discrepancy between the description of the lot in the contract of sale and in the deed tendered; but, as it appeared in the statement that the defendant was in possession of the identical property at the time the contract was entered into and knew exactly what was intended, we think it would be decided here, as it was in Shattuck v. Cunningham, 166 Pa. 368; Feld v. Shapiro, 87 Pa. Superior Ct. 557, and Cohen v. Jones, supra, that a slight inaccuracy in the description of the land is not fatal where the intention of the parties clearly appears.

The fourth objection, however, is, as we view it, more serious. The contract of sale which is the basis of the plaintiff's claim provides that the balance of the purchase money shall not be payable until the "title papers and deed is prepared and title passed by attorney of party of second part." The statement of claim clearly sets out that the deed had been prepared and had been submitted to the attorney of the party of the second part, but it does not set out definitely and specifically that the title was ever approved by that attorney. It is true that the statement contains averments, including an exhibit purporting to be a letter written by the attorney of the defendant with regard to the land, from which it might be inferred that he had found the title satisfactory; but it is not sufficient, in our opinion, that this inference may be drawn by either the court or by the defendant in the instant case. If the title was passed by counsel for the defendant, that fact should be averred definitely and not argumentatively; and the inclusion of the letter, which is not the basis of the plaintiff's claim, is, we think, a violation of the provisions of the Practice Act of May 14, 1915, P. L. 483, that the statement should not contain the evidence upon which the plaintiff depends to establish his case. Until the title was passed by the defendant's attorney, we think

that the plaintiff is not in position to maintain his action: 6 Ruling Case Law, 596; 13 Corpus Juris, § 771, page 679; Gilson *v*. Savings Bank, 62 N. E. Repr. 728; Church *v*. Shankin, 30 Pac. Repr. 789; Bashford *v*. Land Co., 295 Pa. 560, 566.

It does not definitely appear that the attorney for the defendant had not passed the title, and it does appear that he had ample opportunity and time to examine it and either approve or disapprove it. In his action in this regard he could not act capriciously so as to defeat a valid claim of the plaintiff: Bashford *v*. Land Co., *supra*.

Nor could he defeat a recovery by the plaintiff by a refusal to examine the title: 13 Corpus Juris, § 774, page 681.

And it may well be that the plaintiff can show that the counsel for the defendant did in fact pass the title, or that, if he did not pass it, his refusal to pass it was capricious, or that his failure to pass it was due to a refusal to consider it at all; and in any of these three cases the plaintiff would be entitled to proceed with his action. We think, therefore, that the plaintiff should be given the right either to amend his present statement of claim or to file a new one which will meet this objection; and in disposing of the case, our determination will be without prejudice to the right of the plaintiff to do this.

And now, July 30, 1929, the fourth reason advanced in the defendant's affidavit of defense in lieu of demurrer to the plaintiff's statement of claim is sustained, without prejudice, however, to the right of the plaintiff, within fifteen days from this date, either to file an amendment to his present statement of claim or a new statement of claim which shall meet this objection. In default of such amendment or new statement of claim, judgment for the defendant shall be entered on the demurrer. Costs of the present proceeding to be paid by the plaintiff.     From Francis B. Sellers, Carlisle, Pa.