Brotman *v.* Brotman, Appellant

Argued January 14, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and JONES, JJ.

*C. Brewster Rhoads*, with him *George G. Chandler, David N. Feldman* and *Edward I. Weisberg*, for appellant.

*Joseph Blank*, with him *S. Frank Laveson*, for appellee.

Opinion by Mr. Justice Drew, March 25, 1946:

Plaintiff, Joseph H. Brotman, filed a bill of complaint against his wife, Miriam, to recover possession of certain machinery, equipment and material. Later, he brought a second suit in equity against her and The Western Saving Fund Society of Philadelphia, inter alia, to compel his wife to execute a deed to him for the premises situated at 4121 Viola Street and 4120 Parkside Avenue, Philadelphia (which plaintiff averred he had purchased from her under an oral contract of sale); and also to require The Saving Fund Society, the other defendant, to pay over to him certain moneys on deposit in Mrs. Brotman's name (which plaintiff claimed was his own money that he had turned over to his wife for safekeeping in connection with a proposed purchase of other property, but which was not bought). Mrs. Brotman filed answers in both suits raising questions of fact; while The Saving Fund Society, in its answer to the second bill, averred it was but a stakeholder. The two cases were consolidated and tried as one on stipulation of counsel. After hearing, the learned Chancellor decreed that Mrs. Brotman deliver to plaintiff the machinery, equipment and material, also a deed for the premises in question, and that she pay to him the moneys he left with her for safekeeping. The court en banc entered a final decree dismissing the exceptions of Mrs. Brotman and affirming the action of the Chancellor. From that decree, she appealed.

The sole question raised here by appellant is whether or not the court below erred in ordering specific performance of the oral contract for the sale of the real estate.

The pertinent facts are as follows: On September 26, 1941, while Mrs. Brotman and her husband were estranged and living apart, she purchased, but took title in the name of her son Leon, the real estate located at 4121 Viola Street and 4120 Parkside Avenue (which are but one property) for $6,900, of which $700 was paid in cash by her and the balance secured by a purchase money

mortgage. Three days after the sale, the son executed a deed transferring title to his mother. She and her three sons have resided continuously in the premises from the date of the sale to the present time. On or about November 11, 1941, she induced her husband to return home, and orally agreed with him that she would transfer to him the title to the property in question, upon his assumption and payment of the mortgage, taking charge of the premises, and paying for the repairs. Plaintiff then returned to live with his wife and family in the property, expended considerable funds on repairs, paid a substantial sum on the mortgage indebtedness, induced his wife to record the deed from the son to her, and collected and retained the rents from the portion of the property under lease until May 31, 1943. Then he was prevented by his wife from gaining access to the property and from collecting the rents. Mrs. Brotman refused to deliver a deed to her husband, and he filed his bill to compel her so to do.

When an attempt is made by a husband to set up a parol contract of sale of real estate against his wife, the evidence must be direct, positive, express and unambiguous. See *Ackerman v. Fisher,* 57 Pa. 457; *Wright v. Nulton,* 219 Pa. 253, 68 A. 707; *Glass v. Tremellen,* 294 Pa. 436, 144 A. 413. It is well settled in this Commonwealth, as was said by this court in *Hart v. Carroll,* 85 Pa. 508, 510, that in order to take a parol contract for the sale of real estate out of the operation of the Statute of Frauds, the evidence must, among other things, show: ". . . that possession was taken in pursuant of the contract, and at or immediately after the time it was made, *the fact that the change of possession was notorious, and the fact that it has been exclusive, continuous and maintained.* And it must show performance or part performance by the vendee which could not be compensated in damages, and such as would make rescission inequitable and unjust." (Italics added). See also *Lincoln v. Africa,* 228 Pa. 546, 77 A. 918; *Estate of Lena Hartzell,* 114 Pa. Superior Ct. 190, 173 A. 842.

The findings of the Chancellor negative any taking or maintaining by Brotman of exclusive and continuous open possession under and in pursuance of the contract. The testimony adduced by him shows unquestionably not only that he did not have such possession of the part of the premises in which he resided with his wife and three sons, but that he did not have such possession of the rented portion of the property, for his own witness, Naser, stated that in leasing and collecting the rents, he, Naser, was acting as agent for both Mr. and Mrs. Brotman.

Exclusive and continuous open possession is an indispensable accompaniment of every oral contract which hopes for enforcement. Particularly is this true where a husband seeks to compel specific performance of such a contract by his wife. The Statute of Frauds prohibits the creation of interests or estates in any land by parol. Its obvious purpose is to prevent the assertion of verbal understandings, and to obviate the opportunity for fraud and perjury. "It is not a mere rule of evidence. It is a declaration of public policy": *Holland Fur v. Keystone Dehyd. Co.*, 151 Pa. Superior Ct. 495, 499, 30 A. 2d 872. A writing signed by the parties is required, and even courts of equity, though dispensing with the form, firmly demand the substance.

As to verbal agreements for the sale of property entered into between husband and wife, it is stated in 49 Am. Jur. §498, p. 800: "Possession by one spouse of land belonging to the other, in common with the latter, is generally referable to the latter's title and to their marital relationship, rather than to any parol agreement between them for the conveyance of the property, and is not sufficient as a part performance of such an agreement. Also, the sufficiency of one spouse's possession of premises as a part performance of the oral promise of the other spouse to convey them to him has been denied where the other spouse lived with him on the premises, on the ground that the former's possession was not ex-

clusive or adverse to the latter. The effect of the relationship of husband and wife existing between the promisor and promisee at the time of the possession and the making of or paying for improvements has frequently been declared to indicate that the possession and improvements were not clearly referable to the oral contract. It has been pointed out in the case of improvements made by the husband that his acts in constructing them are as much referable to the marriage relationship and his right of usufruct thereunder as to his character as purchaser or transferee under an alleged oral contract to convey." See *Glass v. Tremellen*, supra.

Furthermore, the mere fact that Brotman made part payment of the consideration by reducing the mortgage indebtedness is not sufficient to take the agreement out of the statute *(Hill v. Meyers*, 43 Pa. 170) ; nor is the making of repairs or improvements to the premises *(Rader v Keiper*, 285 Pa. 579, 132 A. 824), for these can be readily compensated for in damages.

We are firmly convinced that there is nothing in the instant case to legally warrant a chancellor in holding that the oral contract falls without the Statute of Frauds. The record is devoid of anything to indicate that to hold the contract invalid would be inequitable or unjust. Therefore, the Chancellor was in error in directing specific performance.

Since the reversal of that portion of the decree directing that the wife convey the real estate to her husband will undoubtedly raise other controversial issues between the parties, such as the right to reimbursement for repairs and in reduction of the mortgage debt, and to an accounting for rents and profits, we must remand the record to the court below for further proceedings.

That portion of the final decree directing that "the defendant, Miriam Brotman, shall transfer to plaintiff, Joseph H. Brotman, title to premises 4121 Viola Street and 4120 Parkside Avenue, Philadelphia, Pennsylvania, by joining in the execution of deed, together with plain-

tiff, her husband, conveying said property to him, within thirty days, and that she shall not subsequently interfere in any manner with the use, enjoyment or control of the property by plaintiff" is reversed, and the record remanded to the court below for further hearing consistent with this opinion.