## Kearney's Estate

*James J. Powell, Jr.*, for exceptants.
*A. C. F. Kenowski*, for respondent.

MURPHY, P. J., July 16, 1947.—This matter is before the court on exceptions; the pertinent facts are as follows:

Decedent, Matilda Bierwirth Kearney, died intestate on December 18, 1946, leaving to survive her, her husband, Michael Kearney, and no issue. On March 31, 1947, her husband presented his petition for the appointment of appraisers claiming an allowance out of the real estate of decedent, in the amount of $5,000, as surviving spouse under the provisions of section 2 of the Intestate Act of June 7, 1917, P. L. 429. Appraisers were appointed to value the land described in the petition, and on April 11, 1947, their appraisement was filed fixing the value of the said real estate at $4,600, and on the same date the appraisement was confirmed nisi.

On June 5, 1947, exceptions were filed to said appraisement on behalf of Veronica Devers Spinley, Patrick Devers, Mary Devers Riedl, Martin Devers, and Rebecca Cleary, brothers and sisters of decedent, alleging, inter alia, that Michael Kearney, surviving husband of decedent, is not entitled under the intestate laws of the Commonwealth of Pennsylvania, to the estate of decedent, or to the $5,000 allowance claimed by him, and in the exceptions it is averred and declared that Michael Kearney entered a parol antenuptial agreement with his deceased wife as follows: That he would not claim any interest in the Devers

family home and that for and in consideration of same, she would not claim any interest in the Kearney home. The title to the Devers home was vested in Matilda Bierwirth Kearney. Exceptants also object to the stating of the value of said real estate at $4,600, and allege that the property has a greater value.

At the hearing on the exceptions five witnesses were called on behalf of exceptants in an effort to prove the alleged parol ante-nuptial agreement. Their testimony appears in the record of evidence and we do not deem it necessary to repeat it here. When called for cross-examination, the surviving spouse, Michael Kearney, denied entering into the ante-nuptial agreement alleged by exceptants.

This is an attempt on the part of exceptants to prove a gift of real estate by parol, all of which is denied by the respondent-surviving spouse.

It is the contention of counsel for the surviving spouse that the claim of exceptants is in violation of the statute of frauds (March 21, 1772, 1 Sm. L. 389, 33 PS §1) which provides as follows:

"From and after the tenth day of April, 1772, all leases, estates, interests of freehold or term of years, or any uncertain interest, of, in, or out of any messuages, manors, lands, tenements, or hereditaments, made or created by livery and seisin only, or by *parol, and not put in writing*, and signed by the parties so making or creating the same, or their agents, thereunto lawfully authorized by writing, shall have the force and effect of leases or estates at will only, and shall not, either in law or equity, be deemed or taken to have any other or greater force or effect, any consideration for making any such parol leases or estates, or any former law or usage to the contrary, notwithstanding; except, nevertheless all leases not exceeding the term of three years from the making thereof: and moreover, that no lease, estates or interests, either of

freehold or terms of years, or any uncertain interest, of, in, to or out of any messuages, manors, lands, tenements or hereditaments, shall, at any time after the said tenth day of April, 1772, be assigned, granted, or surrendered, unless it be by deed or note, in writing, signed by the party so assigning, granting or surrendering the same, or their agents, thereto lawfully authorized by writing, or by act and operation of law."

In Brotman v. Brotman, 353 Pa. 570, 573, it was held that:

"The Statute of Frauds prohibits the creation of interests or estates in any land by parol. Its obvious purpose is to prevent the assertion of verbal understandings, and to obviate the opportunity for fraud and perjury. 'It is not a mere rule of evidence. It is a declaration of public policy.' Holland Fur v. Keystone Dehyd Co., 151 Pa. Sup. Ct. 495, 499, 30 A. 2nd 872. A writing signed by the parties is required, and even courts of equity, though dispensing with the form, firmly demand the substance."

"The requisites of proof to avoid the operation of the Statute of Frauds, are the same in both a parol sale and a parol exchange": Kirk et al. v. Ford et ux., 330 Pa. 579.

The requisites of a written memorandum are set forth in A. L. I. Restatement of Contracts, §207, as follows:

"A memorandum, in order to make enforceable a contract within the Statute, may be any document or writing, formal or informal, signed by the party to be charged or by his agent actually or apparently authorized thereunto, which states with reasonable certainty:

"(a) Each party to the contract either by his own name, or by such a description as will serve to identify him, or by the name or description of his agent, and

"(b) the land, goods, or other subject matter to which the contract relates, and

"(c) the terms and conditions of all the promises constituting the contract and by whom and to whom the promises are made."

No such written memorandum or document was submitted in this case.

"Contracts of which marriage is the consideration stand in this state upon the same basis as all other contracts and, like all others, when they are to affect the title to land they are required to be in writing, because the subject-matter is within the statute of frauds, and there is nothing in the statute to permit a distinction between one kind of consideration and another. What the statute deals with is not the consideration but the mode of proof.

"Nor can settlements in pursuance of such parol contracts be sustained as performance of a moral obligation, or on the ground that the marriage itself is such part performance as equity will consider sufficient to take the case out of the statute": Flory v. Houck, 186 Pa. 263, 269.

No evidence was offered to show that the real estate appraised at $4,600 by the appraisers is of greater value than that set forth in the return of the appraisers.

After a careful review of all of the evidence in this case we find that it does not fully, completely, satisfactorily and indubitably prove an ante-nuptial or post-nuptial gift of the real estate in question, nor that the real estate is of greater value than shown in the appraisement.

Now, therefore, July 16, 1947, the exceptions are dismissed and we conclude and so find that the said Michael Kearney, husband of decedent, is entitled to the exemption as provided by section 2 of the Intestate Act of June 7, 1917, P. L. 429, and that the value of the real estate located at and known as 3007 Birney Avenue, Minooka, Lackawanna Township, County of Lack-

awanna, State of Pensylvania, more fully described in the appraisement filed April 11, 1947, in the amount of $4,600, is a fair and correct appraisal.