## Haskell, Appellant, *v.* Heathcote et al.

Argued September 27, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Lee C. McCandless*, with him *George M. O'Hara* and *Painter & Painter*, for appellant.

*J. Villard Frampton*, with him *John L. Nesbit, S. N. Mogilowitz, Nesbit & Wasson* and *Frampton & Courtney*, for appellees.

OPINION BY MR. JUSTICE PATTERSON, November 14, 1949:

This is the second appeal in an action in equity by Josephine H. Haskell against her mother, Josephine Sibley Heathcote et al., to compel specific performance of an alleged oral contract for the sale of a large tract of land known as "River Ridge Farm," located in Venango County, Pennsylvania.

The original bill was filed on June 2, 1948. Preliminary objections raising the defense of the Statute of Frauds (Act of March 21, 1772, 1 Sm. L. 389, 33 PS 1) were sustained and the bill dismissed. On appeal to this Court, the decree was reversed, the bill reinstated, and the record remitted to afford an opportunity to amend by averring facts sufficient to take the case out of the Statute of Frauds and for further proceedings consistent with the Rules of Equity Practice: *Haskell v. Heathcote*, 360 Pa. 578, 62 A. 2d 852.

On February 11, 1949, Mrs. Haskell filed an amended bill in which she averred that on numerous occasions her mother had admitted and acknowledged the alleged oral contract and frequently promised orally to perform the same; that notwithstanding the oral promises and representations her mother had entered into a written agreement for the sale of "River Ridge Farm" to J. Alfred Richard, acting for the White Fathers of Africa, Inc., and had deposited in escrow with the Exchange Bank and Trust Company, Franklin, Pennsylvania, a deed of conveyance to him for the property dated February 4, 1948; that in reliance upon her mother's oral promises and representations she had sold securities, some of them at considerable loss, to obtain the sum of $35,000 which she tendered to her mother as down payment on February 13, 1948; and that subsequent to filing of the original bill in equity, she sold additional securities and forwarded to her mother checks in payment of the full purchase price in the alleged amount of $125,000,

which checks her mother held for a period of five weeks before returning them. Preliminary objections were again filed to the amended bill raising the defenses of the Statute of Frauds and adequate remedy at law. Pending disposition of the preliminary objections Mrs. Haskell filed a petition under the Acts of June 25, 1895, P. L. 279, 28 PS 6, and June 8, 1911, P. L. 709, 28 PS 9, for a rule to show cause why the testimony of Mrs. Heathcote should not be taken *de bene esse* by deposition, averring, *inter alia,* that if Mrs. Heathcote were required to testify under oath, she would admit the alleged oral contract. A responsive answer was filed in which Mrs. Heathcote specifically denied that she had entered into an oral contract for the sale of "River Ridge Farm" to her daughter as alleged. The court discharged the rule and entered a decree dismissing the amended bill. This appeal followed.

The questions presented are these: (1) Are the averments as to subsequent oral promises and admissions on the part of Mrs. Heathcote, appellant's sale of securities in reliance thereon, and her tender of the purchase price sufficient to take the case out of the Statute of Frauds; (2) Does Rule 1030 of the Pennsylvania Rules of Civil Procedure preclude raising the defense of the Statute of Frauds by preliminary objections; (3) Did the court err in discharging the rule to show cause why Mrs. Heathcote's testimony should not be taken by deposition?

The alleged oral admissions of Mrs. Heathcote could confer no greater right in the property than her bare oral agreement itself. To hold otherwise would be tantamount to setting aside the Statute of Frauds. Nor are the averments as to appellant's tender of the purchase price and sale of securities in reliance on the oral representations sufficient to entitle appellant to specific performance. Our law is very explicit as to the requirements which must be met to take an oral contract for

the sale of real estate out of the statute. While a refusal to perform may entitle the vendee to recover in damages, it is well settled that the statute prevents the entry of a decree of specific performance against the vendor under the oral contract, if he elects to invoke it, unless it appears that continuous and exclusive possession was taken under the contract *and* improvements were made by the vendee not readily to be compensated in money, or other equitable considerations make it impossible to do justice save by specific performance: *Axe v. Potts,* 349 Pa. 345, 37 A. 2d 572; *Zlotziver v. Zlotziver,* 355 Pa. 299, 49 A. 2d 779; *Moyer v. Moyer,* 356 Pa. 184, 51 A. 2d 708; *Hartzell's Estate,* 114 Pa. Superior Ct. 190, 173 A. 842. The object of the statute is to prevent the assertion of verbal understandings in the creation of interests or estates in land and to obviate the opportunity for fraud and perjury. It is not a mere rule of evidence, but a declaration of public policy. In the absence of equities sufficient of themselves to take the case out of the statute, it operates as a limitation upon judicial authority to afford a remedy unless renounced or waived by the party entitled to claim its protection. See *Brotman v. Brotman,* 353 Pa. 570, 573, 46 A. 2d 175. Both parties are presumed to have known that either might take advantage of the terms of the statute. Appellant had the same right as her mother to refuse to perform the alleged oral agreement, and in availing herself of that right the latter is guilty of no fraud or wrongdoing cognizable by a court of equity: *Davis v. Hillman,* 288 Pa. 16, 20, 135 A. 254; *Seidlek v. Bradley,* 293 Pa. 379, 381, 142 A. 914.

The decisions cited by appellant are cases where the titleholder renounced his rights under the Statute of Frauds by omitting to invoke its protection by a special plea, objection to the admission of evidence, point for charge, or otherwise, at some stage of the proceedings prior to appeal (*Sferra v. Urling,* 328 Pa. 161, 195 A. 422; *Mezza v. Beiletti,* 161 Pa. Superior Ct. 213, 53 A. 2d

835), or waived the statute by admitting the contract in his pleadings or in his testimony in the proceedings without invoking its protection (*Williams v. Moodhard*, 341 Pa. 273, 19 A. 2d 101; *Zlotziver v. Zlotziver*, supra; *Suchan v. Swope*, 357 Pa. 16, 53 A. 2d 116). These decisions do not apply in the situation here presented. In answer to the petition to take her deposition *de bene esse*, Mrs. Heathcote, the titleholder, denied existence of the alleged oral contract and there is no contrary admission by her of record in the proceedings to constitute a waiver. She elected to invoke the statute, as was her right, and gave appellant timely notice of such election by filing preliminary objections to the bill. Without a renunciation or waiver of the protection of the statute, within the rule of the cases cited by appellant, specific performance could not be awarded in the absence of facts sufficient to fulfill the explicit requirements which must be met to take the contract out of the operation of the statute. Since appellant failed to aver such facts, although given ample opportunity so to do, there is nothing to take the case out of the general rule of law that an action for damages is the remedy against a vendor of real estate under an oral contract unperformed.

There is no merit in the argument that raising the defense of the Statute of Frauds by preliminary objections, under Rule 48 of the Rules of Equity Practice,[1] is precluded by Pa. R. C. P. No. 1030, which requires af-

---

[1] Equity Rule 48 provides:

"On or before the date fixed for filing an answer on the merits, and thereafter by leave of the court upon cause shown, the defendant may, by answer filed, accompanied by an affidavit that it is not interposed for the purpose of delay, preliminarily object to the bill for one or more of the following reasons: . . . (6) that upon the facts averred plaintiff has a full, complete and adequate remedy at law; (7) that, for any other reason, defendant should not be required to answer the facts averred, since he has a full and complete defence to plaintiff's claim, specifically stated, which does not require the production of evidence to sustain it."

firmative defenses in actions of assumpsit, including the Statute of Frauds, to be pleaded in a responsive pleading under the heading "New Matter." This novel contention rests on a misinterpretation of Equity Rule 92, which provides: "Those Rules of Civil Procedure promulgated by the Supreme Court which are applicable to equity practice and procedure, shall prevail over any existing Equity Rules which are inconsistent therewith; and the Equity Rules are modified, or abrogated, to the extent of such inconsistency, as of the respective dates the dominant Rules of Civil Procedure became or become operative." The obvious intent and purpose of Equity Rule 92 was to provide merely for automatic suspension of existing equity rules in favor of Rules of Civil Procedure promulgated by this Court in terms applying to all civil actions or later adopted rules specifically made applicable to suits in equity. In numerous equity cases arising both before and since promulgation of Pa. R. C. P. No. 1030, the practice of raising the Statute of Frauds by preliminary objections has been permitted without question. See *Axe v. Potts,* supra; *Sneiderman v. Kahn,* 350 Pa. 496, 39 A. 2d 608; *Sawart v. Lunt,* 360 Pa. 521, 62 A. 2d 34; *Redditt v. Horn,* 361 Pa. 533, 64 A. 2d 809. There is nothing in Equity Rule 92 or in the Rules of Civil Procedure to authorize or warrant a departure from this well-established practice.

The order discharging the rule to take depositions was within the sound discretion of the trial court (*Brody v. Metropolitan Life Ins. Co.,* 356 Pa. 139, 51 A. 2d 611) and its action thereon becomes immaterial in view of our conclusion that the decree dismissing the bill was properly entered.

Decree affirmed. Costs to be paid by appellant.