## Young v. Keefer, Appellant.

Argued March 2, 1953. Before RHODES, P. J., HIRT, RENO, ROSS and GUNTHER, JJ.

*Conrad A. Falvello,* with him *George J. Vanderslice,* for appellant.

*E. Eugene Eves,* for appellees.

OPINION BY GUNTHER, J., July 14, 1953:

This is an appeal from the decree of the lower court ordering the appellant to execute and deliver a deed of conveyance to the appellees, children of Mabel C. Keefer, deceased.

Appellant and Mabel C. Keefer were tenants by the entireties of a farm situate in Fishingcreek Township, Columbia County. An action in divorce was brought in 1947 and subsequently some negotiations took place concerning the property rights to the real estate. The wife died intestate, survived by the appellees and the appellant.

It is now contended that prior to the wife's death an oral contract was made whereby appellant agreed to convey the premises to the wife upon her assuming the mortgage indebtedness and the payment of $850 to the husband. At that time, the farm was occupied by a tenant who paid rent to the husband, but when the tenant moved out, the wife and children

took possession of the premises. Basing their cause of action on the oral agreement and setting forth their ability and willingness to perform their deceased mother's agreement, the appellees asked the court below to enter a decree granting to them the right and remedy of specific performance. The appellant in his answer denied that any agreement was reached between him and his wife and further set forth noncompliance with the Statute of Frauds. Hearing was held and the court below granted a decree awarding the farm to the appellees upon their compliance with the alleged agreement.

The question for us to decide primarily is what effect, if any, did the Statute of Frauds have upon the oral agreement. In order to avoid the operation of the Statute, plaintiffs must prove continuous and exclusive possession under the contract and improvements by the vendees not readily to be compensated in money, or other equitable considerations which could be rectified only by a decree of specific performance. *Haskell v. Heathcote*, 363 Pa. 184, 69 A. 2d 71. If defendant admits the oral contract in his pleadings or testimony, the Statute will not apply, since its purpose of preventing perjury is avoided. *Zlotziver v. Zlotziver*, 355 Pa. 299, 49 A. 2d 779. In this case, however, appellant has consistently denied his acceptance of the agreement formulated by the attorneys. Therefore, this principle is inapplicable. The court below, having admitted there were no improvements made by appellees, relies on the theory of "other equitable considerations" which make it impossible to do justice save by specific performance. The learned court below fails, however, to set forth the nature of these "equitable considerations" or the impelling motives for obviating the operation of the Statute.

The exclusive character of the possession of the premises may be questioned here, since the land was

owned under a tenancy by the entireties and each spouse therefore held per tout et non per my. Her right of possession was based not upon any negotiations of counsel in a divorce proceeding, but upon the deed which gave her and her husband title to the land by the entireties. But even granting the exclusiveness of decedent's possession here, there were admittedly no improvements made to the land. No part of the alleged consideration of $850 was paid to or accepted by appellant nor was there even a tender until after he had demanded possession of his farm. The principle stated by the appellees that other circumstances may take this particular agreement out of the Statute of Frauds is sound, but nowhere do we find evidence of circumstances or considerations such as improvements to the property or payment of taxes or interest by the wife. These were all made and paid by the appellant.

Here the evidence is clear that there was nothing in writing that could take this case out of the general rule applicable to transactions within the Statute of Frauds, and the record is devoid of any circumstances which would support the decree directing specific performance.

The decree is reversed and the bill dismissed.