## Snyder v. Ziegler et al.

*Alvin L. Weiss,* for plaintiff.
*Lawrence Sager,* for defendants.

TREDINNICK, *Chancellor,* November 7, 1974—Plaintiff, the occupant of an apartment in a duplex owned by defendants, claims a life estate therein, and seeks a decree enjoining defendants from interfering with this alleged interest. After hearing and submission of briefs, the matter is ready for disposition.

The property involved, 364 Walnut Street, Pottstown, Pa., was at one time owned jointly by plaintiff's son and daughter-in-law, Harold E. and Elsie M. Kooker, and the present defendants, Mary Helen Ziegler, daughter of Elsie by a former marriage, and her husband, George W. Ziegler. Harold Kooker died prior to the commencement of this action. His wife, Elsie Kooker, died subsequent thereto. The Zieglers, through survivorship, are now the sole legal owners of the property and the only remaining defendants.

Plaintiff moved from a residence she owned in Philadelphia into the Walnut Street apartment on July 25, 1972, pursuant to an oral lease agreement. She paid rent of $80. per month through November, 1972, but has paid no rental since, nor has any rent been demanded. Prior to her taking occupancy of the apartment, a previous tenancy of long standing was terminated and the apartment extensively renovated. Except for some wallpapering, installation of an electric range and an air conditioner, the renovations were paid for or accomplished by the Kookers and the Zieglers.

On December 4, 1972, when plaintiff established a joint checking account with her son in Philadelphia National Bank, she turned over to him $2,000., which he applied to the existing mortgage

obligation on the premises in question. On December 14, 1972, 10 days before Mr. Kooker's death and while he was terminally ill, plaintiff asked her son to draw a check on the joint account to pay off the balance of the mortgage. Kooker did so, drawing a check to the mortgagee in the sum of $1,504.02. Plaintiff testified that she made these payments because her son told her that if she did she would "have a home for life."

On April 4, 1973, plaintiff received an eviction notice from defendants. This action ensued. Plaintiff contends that she entered into an oral agreement with her son that, in consideration of her contributions to the remodeling of the apartment and her payment of the balance due on the mortgage, she was to receive a life estate in the apartment. Defendants dispute this factually, and further contend that, even were such an agreement consummated, it is unenforceable by virtue of the provisions of the Statute of Frauds. We will address this latter issue, as we believe it to be determinative, and in so doing will assume that the agreement claimed by plaintiff existed.

The agreement may be characterized as a contract for the conveyance of a life estate—a freehold interest. As such, it is indeed controlled by the Statute of Frauds of March 21, 1772, 1 Sm. L. 389, sec. 1, 33 PS §1; Bratsch v. McCarthy, 141 Pa. Superior Ct. 490 (1940). The statute provides, inter alia:

". . . all leases, estates, interests of freehold or term of years . . . made . . . by parol, and not put in writing, and signed by the parties so making or creating the same, or their agents, thereunto lawfully authorized by writing, shall have the force and effect of leases or estates at will only, and shall not, either in law or equity, be deemed or taken to have

any other or greater force or effect, any consideration for making any such parol leases or estates . . . notwithstanding."[1]

Obviously, then, the agreement being oral, plaintiff's interest in the real estate is terminable at will unless this particular factual situation qualifies as an exception to the strictures of the statute.

Where a plaintiff establishes (1) the existence of an oral contract for the acquisition of an interest in real estate by "full, complete, satisfactory and indubitable proof;" (2) that she took possession at or immediately after the agreement was made; and (3) that the consideration therefor cannot be adequately compensated in damages, then the contract is enforceable, notwithstanding the fact that it apparently violates the Statute of Frauds: Hart v. Carroll, 85 Pa. 508, 510 (1878); Brotman v. Brotman, 353 Pa. 570 (1946); Rader v. Keiper, 285 Pa. 579 (1926). The present case fails to qualify on any of these points. First, it is impossible for the court to state the agreement has been established by "full, complete, satisfactory and indubitable proof"—to the contrary, the evidence on this point leaves much to be desired. Secondly, there is grave doubt that the agreement antedated the date on which plaintiff took possession. The fact that she paid rent for four months thereafter would seem to negate the existence, during that period, of a life estate in plaintiff. Finally, and perhaps most clearly, plaintiff may be compensated in damages. It has been specifically held that the payment of a mortgage and the making of improvements may be readily

1. This section was repealed, insofar as it applies to leases, by the Landlord and Tenant Act of April 6, 1951, P.L. 69, art. VI, sec. 601, 68 PS §250.601.

compensated in damages: Brotman v. Brotman, supra.

In addition to the foregoing, we observe that, even if the alleged contract between plaintiff and her son were otherwise viable, there was a total absence of proof that defendants authorized or ratified such a contract. The statute specifically requires an agent to be duly authorized *in writing*, in order to bind his principal. See also Fiegelman v. Parmoff Corp., 435 Pa. 461 (1969). And, ratification, similarly, must be in writing: Mott v. Kaldes, 288 Pa. 264 (1927); Allegany Gas Co. v. Kemp, 316 Pa. 97 (1934); Holland Furnace Co. v. Keystone Dehydrating Co., 151 Pa. Superior Ct. 495 (1943).

Plaintiff contends that the principle of estoppel should be invoked against the operation of the Statute of Frauds. The argument has been specifically rejected by our appellate courts: Polka v. May, 383 Pa. 80 (1955); Mott v. Kaldes, supra.

Finally, plaintiff asserts that the agreement may be characterized as a lease and, as such, fits within the exception in the Statute of Frauds pertaining to leases of less than three years. This matter, as heretofore noted, is now governed by the Act of April 6, 1951, P.L. 69, art. II, sec. 202 (68 PS §250.202), and provides that all leases in excess of three years must be in writing. Plainly, a lease to continue during the lifetime of the lessee is not a lease limited to a term of three years, and, if oral, violates the statute: Wisotzkey's Estate, 1 Adams 43 (1959); Williams v. Benzing, 53 D. & C. 559 (1945).

Therefore, since the alleged life estate agreement violates the Statute of Frauds, and since plaintiff has no other written lease upon which she may rely,

she must be considered no more than a tenant at will.

Accordingly, we enter the following:

## DECREE NISI

And now, November 7, 1974, the complaint is dismissed.

Unless exceptions are filed within 20 days of notice hereof, this decree shall be entered as of course by the prothonotary as the final decree of the court.