**Giron v. Toy Estate**

*Harry A. Heilman, Jr.* and *Roger T. Mechling,* for plaintiff.

*Kenneth G. Valase,* for defendant.

HOUSE, *P. J.,* November 16, 1982—This matter is presently before the court upon agreement of the parties to preliminarily decide what effect, if any, the statute of frauds, 33 P.S. § 1 et seq. has upon a purported written agreement between plaintiff and defendant's decedent. An evidentiary hearing on the issue of the statute of frauds was held on November 25, 1981. We have received evidence and briefs of the parties in this matter and the issue is therefore ripe for decision.

Plaintiff alleges in his complaint, as amended, that he and defendant's decedent, Edwin W. Toy, entered into a written agreement for the sale of the "Coal Mining Business of Seller comprising coal leases together with associated and necessary bonds and permits. . .and certain equipment and accessories." Plaintiff also alleges that defendant breached the agreement by not transferring the leases, mining permits and equipment to plaintiff. Thereafter, plaintiff brought the instant lawsuit at law for money damages resulting from the alleged breach. Specifically, plaintiff seeks to recover lost profits, value of the coal in place and the value of spare parts and equipment not transferred.

Defendant has filed an answer, new matter and counterclaim to plaintiff's complaint. In new matter defendant raises the statute of frauds. The statute of frauds provides, inter alia, that no transfer of an estate in realty is effective unless it is documented by a sufficient writing.

Plaintiff's complaint attempts to avoid the bar of the statute by pleading his cause of action in assumpsit. Indeed, as will be noted later in this

opinion, plaintiff may properly sue in assumpsit. However, if the statute of frauds then bars enforcement of the written agreement as to real estate, then the types of injuries for which plaintiff may seek recovery in assumpsit are then somewhat circumscribed. We must therefore decide the applicability of the statute of frauds to the issues raised here.

Defendant argues that coal leases constitute interests in realty and that any transfer of those interests cannot be enforced unless supported by a sufficient writing. Defendant cites Shenandoah Borough v. Philadelphia, 367 Pa. 180, 79 A. 2d 433(1951), to support the proposition that although the term "lease" is used the purported agreement relates to an interest in the land itself. In Shenandoah (supra) at 186, the court stated that:

. . .the law is long and well settled in Pennsylvania that "The grant of a right to mine coal in the lands of the lessor and remove it therefrom, although the instrument may be called a lease, is a grant of an interest in the land itself, and not a mere license to take the coal."

Defendant also cites Smith v. Glen Alden Coal Co., 347 Pa. 290, 32 A. 2d 227(1943) and Advance Industrial Supply v. Eagle Metallic Copper Co., 267 Pa. 15, 109 A. 771(1920), for the proposition that coal leases constitute an interest in realty whether the lease is for a definite or indefinite time. These cases clearly hold that the lessee's interest in coal leases are indeed interests in realty. Therefore, it must be determined whether the statute of frauds has been satisfied by the writing in the case at bar or if the doctrine of part performance takes this case out of the statute.

Defendant argues that the burden of proving that

the writing is in compliance with the Statute of Frauds is upon plaintiff. Defendant cites Pennsylvania Law Encyclopedia, Statute of Frauds §93 to support this contention. We believe that the P.L.E. section cited accurately states the law of Pennsylvania on this issue. In fact, plaintiff admitted at the hearing that he had the burden of proof. Therefore, we will examine the evidence to determine whether plaintiff has presented evidence sufficient to remove the bar of the statute of frauds.

Defendant argues that the writing relied upon by plaintiff does not satisfy the statute of frauds because the writing does not sufficiently describe the number or location of the subject leased lands. Defendant calls our attention to many cases standing for the principle that the description of interests in realty must be quite specific. In Hammler & Davler v. McEldowny, 46 Pa. 334(1863), the court found that the absence of street numbers and property descriptions rendered the writing unenforceable. In Barnes v. Rea, 219 Pa. 287(1908), the court held that where the land could not be located as a whole by reference to the writing, it was not specific enough to satisfy the statute.

Defendant also cites Shaw v. Cornman, 271 Pa. 260, 114 A. 632(1921) and a number of cases cited therein to support the proposition that the writing itself must contain a description "clear enough to enable a surveyor to locate the land with certainty." In the case at bar we find no description of the leases at all. In fact, we do not even know exactly how many leases were intended to be included.

Plaintiff attempted to supply a description of the subject leases by way of parol evidence. Defendant objected to this evidence at the hearing and has argued that since the purpose of the Statute of Frauds is "to prevent the assertion of verbal under-

standings in the creation of interests in land and to obviate the opportunity for fraud and perjury," Haskell v. Heathcote, 363 Pa. 184, 188; 69 A. 2d 71(1949), parol evidence is not admissible to provide a description where the writing itself is insufficient.

Plaintiff cites Suchan v. Swope, 357 Pa. 16, 53 A. 2d 116(1947) in an attempt to counter defendant's argument. In Suchan, the description "my farm" was held to satisfy the statute of frauds. However, Suchan (supra) is clearly distinguishable from the case at bar. There is a fundamental difference between the degree of specificity we should require when dealing with something tangible and immutable, such as a farm, as opposed to something intangible such as coal leases. In Suchan, the subject property was easily identifiable. In the case at bar, even if we considered plaintiff's evidence, we can not be sure as to the quantity of the property subject to the writing.

Plaintiff also cites Feld v. Shapiro, 87 Pa. Superior Ct. 557(1926) and Shaw (supra) as authority for the proposition that parol evidence may be used to cure a defect that otherwise bars the enforcement of an agreement by reason of the statute of frauds.

However, Feld (supra) pertained to the use of parol evidence to remedy a defective description of a house. In that case, the agreement of sale used a term of description that would probably satisfy the statute of frauds; however, the street number was inaccurately stated in the writing, and the vendee attempted to avoid the contract on the basis of the "indefiniteness" of the agreement. In that case, the court found that the description of the property was quite definite albeit incorrect. In the case at bar we are not dealing with a mistake in an otherwise suffi-

cient description. Instead, we must decide whether the description itself is sufficient.

In Shaw, several documents made up a sufficient description of the property. In that case the court found it unnecessary to decide whether the language "the place you now occupy" satisfied the statute in light of a later *written* communication identifying the property.

These cases seem to hold that parol evidence is admissible to cure mistakes in an otherwise sufficient description. However, parol evidence may not be used to supply a sufficient description where none exists in the writing itself. The test of whether a description is sufficient was stated with clarity in Shaw (supra), "the description should be clear enough to enable a surveyor to locate the land with certainty."

It is evident that under this test that the writing relied upon by plaintiff is insufficient and that parol evidence may not be used to supply a description. To hold otherwise would do violence to the purpose of the statute of frauds and in effect be a judicial repeal of the statute. See Haskell (supra).

Plaintiff next argues however that even if the writing does not satisfy the Statute of Frauds, there has been such part performance of the contract by him as to take the contract out of the Statute of Frauds. Defendant agrees that under some circumstances part performance may raise the bar of the statute. In fact, both parties cite Moyer v. Moyer, 356 Pa. 184, 51 A. 2d 708(1947), regarding part performance.

In Moyer (supra) at p. 188 the court stated:

. . .It is now well settled in this Commonwealth . . .that in order to take a parol contract for the sale of real estate out of the operation of the Statute of

Frauds, the evidence must, among other things, show. . .the fact of the change of possession was notorious, and the fact that it has been exclusive, continuous and maintained. And it must show *performance or part performance by the vendee which could not be compensated in damages, and such would make recission inequitable and unjust. (Emphasis added.)*

The parties took great pains at the hearing and in their briefs arguing the issue of whether sufficient possession has occurred so as to remove the case from the statute. But there is a feature present in all cases cited by the parties on this point that is not present in the case at bar. In every case cited by the parties pertaining to part performance the cause of action was in equity to compel specific performance or to impose a trust upon real property. The present case is an action at law for money damages.

Neither party has addressed the issue of whether the doctrine of part performance is a purely equitable doctrine. Indeed, no Pennsylvania case of which we are aware has explicitly held that the doctrine is inapplicable to actions at law. However, in the language cited from Moyer (supra) it is clear that a condition precedent to the invocation of the part performance doctrine in equity is the unavailability of money damages.

It is because the part performance doctrine has its basis in equity that the majority of the states do not permit the doctrine of part performance to avoid the bar of the statute of frauds if the action is at law: 59 A.L.R. 1297; Am. Jur. 2d statute of frauds §404.

While it may appear harsh to hold that the type of remedy sought affects the issue of whether the contract is enforceable, it is the Statute of Frauds as

enacted by the legislature that compels that decision. The part performance doctrine is a judicially created exception to the statute that arose because the courts in equity could not act inequitably. The reason the courts in equity created the doctrine was because money damages are an inherently inadequate substitute for interests in land. Our courts sitting in equity have invoked the doctrine where money damages are inadequate. See, Moyer, supra; Moore v. Small, 19 Pa. 461(1852); Brontman v. Brontman, 353 Pa. 570, 46 A. 2d 175(1946).

In the case at bar, plaintiff can not be heard to argue that money damages would be inadequate here when such money damages are the very remedy he has sought from the outset.

We need not and do not reach the issue of whether plaintiff has proven such part performance as to take the case out of the statute. However, it must be decided whether the entire contract is unenforceable or whether only that portion of the writing dealing with the leases is unenforceable. Defendant argues that where a contract is entire, as opposed to severable, the failure of part of the agreement under the statute precludes the enforce-ment of any portion of the contract. Defendant cites Byrne's Estate, 122 Pa. Superior Ct. 413, 186 Atl. 197(1936), to support this proposition. In that case, at page 418, the court stated: "If the contract is entire, and part is within the statute it is unenforce-able as a whole." (Citations omitted.)

Whether a contract is entire or severable depends upon the intentions of the parties as expressed in the writing: Wolfe v. Leach, 72 Montgomery 96 (1956). In the case at bar, no allocation of price between property within and without the statute was made. Where one consideration is to be paid for items within and without the statute, it is pre-

sumed that the contract is entire, Perry v. Wagner, 167 Pa. Superior Ct. 199, 74 A. 2d 665(1950).

In fact, it appears that it was the parties' manifest intention to treat the contract as entire since the leases and the equipment were subparts of the whole entity described in the agreement as the "Coal Mining Business of Seller."

Does the law leave plaintiff with no remedy because of the bar of the Statute of Frauds? Clearly the law of this Commonwealth will permit the recovery of losses incurred by reliance upon the alleged contract if the contract and those losses are proved: Immel v. Herb, 43 Pa. Superior Ct. 111 (1910);Dvorak v. Beloit Corporation 65 D. & C. 2d 514(1974).

However, it must be pointed out that any such recovery will be limited to monies spent in reliance upon the contract. Hunt v. Whitehead, 81 York 48 (1967). To hold otherwise would be to give effect to the unenforceable contract.

In defendant's brief he asks the court to dismiss plaintiff's amended complaint. Defendant's argument is in the nature of a demurrer. It is evident to the court that plaintiff's amended complaint does, indeed, rely entirely on the written agreement.

While plaintiff might have pleaded damages properly recoverable in the case at bar, he has not done so. Accordingly, plaintiff's amended complaint must be dismissed.

## ORDER

And now, November 16, 1982, upon consideration of the pleadings, evidence and briefs of the parties, it is hereby ordered, adjudged and decreed that plaintiff's amended complaint be and is dismissed.